UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                          Case No.  8:03-cr-249-T-24 MSS

DAVID O. EDWARDS

_____/

## ORDER

This cause comes before the Court on Defendant Edwards' Motion for Recusal of Trial Judge Pursuant to 28 U.S.C. § 455.  (Doc. No. 73).  Specifically, Defendant Edwards argues that the undersigned made remarks against him during and after the trial that were in bad faith and that he would be prejudiced in any other proceeding that comes before the undersigned.  The Court, however, denies Defendant Edwards' motion for recusal.

Pursuant to § 455:

[A] judge must recuse herself whenever proper grounds exist.  The standard under § 455(a) is whether [her] impartiality might be reasonably questioned, and § 455(b) covers circumstance-specific disqualification, such as where the judge has a personal bias against a party or personal knowledge of disputed facts, has expressed an opinion about the case outside the context of the proceedings themselves, holds a financial interest implicated in the controversy, or has a spouse or relative involved with the business or affairs of one of the parties.  For recusal to occur under § 455(a), . . . [it must be shown that] an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.  Disqualification under § 455(b) is mandatory because the potential for conflicts of interest are readily apparent.  To disqualify a judge under § 455(a) and (b)(1), the bias must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties.  [A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.

U.S. v. Singletary, 2006 WL 2623317, at *1-2 (11th Cir. Sept. 14, 2006)(internal quotations and citations omitted).

Defendant Edwards has not shown that recusal is warranted.  To begin with, there is nothing pending before the Court to recuse from.  Furthermore, there is no basis for recusal, since the challenged remarks were not made outside the context of the proceedings themselves; instead, they were made during sentencing while ruling on an obstruction of justice enhancement.  As such, recusal is not required, nor has it been shown that an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the undersigned's impartiality.

Accordingly, it is ORDERED AND ADJUDGED that the motion (Doc. No. 73) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of October, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Defendant Edwards

2