UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DAVID O. EDWARDS,

v.                              Case No. 8:03-cr-249-T-24MSS
                                        8:06-cv-1964-T-24MSS

UNITED STATES OF AMERICA.

_____

## O R D E R

This cause is before the court on Defendant David Edwards' motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 signed October 13, 2006. (Doc. cv-1; cr-75).

## BACKGROUND

Following his trial at which the jury found Defendant guilty, the district court imposed sentence. Judgment was entered by the district court on May 21, 2004.  (Doc. cr-53). Edwards appealed. (Doc. cr-54).  The United States Court of Appeals for the Eleventh Circuit affirmed.  The Eleventh Circuit entered Judgment on June 9, 2005. (Doc. cr-71).

## DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to

be served upon the United States Attorney but shall proceed to address the matter. <u>See</u> 28 U.S.C. § 2255.

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment of conviction becomes final.  "For the purpose of starting the clock on section 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003).  Edwards' judgment of conviction became final on September 7, 2005[1], when the time for filing a petition for certiorari contesting the appellate court's affirmation of the conviction expired.  Edwards had until September 8, 2006, to file a timely section 2255 motion to vacate.  He did not do

---

[1]  In accordance with Supreme Court Rule 13(3), the 90-day period to file a petition for writ of certiorari runs from the date of judgment or rehearing, not from the date of the mandate.

so. He did not sign the present untimely motion to vacate until October 13, 2006.

Although Edwards filed a petition for writ of certiorari in the United States Supreme Court on September 9, 2005, the petition did not toll the running of the one-year period, because one-year period had expired on September 7, 2005.  Defendant himself states that his petition for writ of certiorari in United States Supreme Court case number 05-6381 was time-barred and denied.  (Doc. cv-1, p. 3).

Edwards has not presented any exceptional circumstances for tolling the one-year limitations period.

Accordingly, the court orders:

That Edwards' motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-75) is denied, with prejudice. The Clerk is directed to enter judgment against Edwards in the civil case and to close that case.

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these

circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 31, 2006.

SUSAN C. BUCKLEW
United States District Judge

AUSA:  Maria Chapa Lopez
Pro se:  David O. Edwards